## B. Mann and Jennie Mann v. August Sodakat.

1. AGENTS—*Statements of, as Evidence.*—In order to make the statement or admission of an agent binding upon his principal, it must have been made, first, in respect to a matter within the scope of the agent's authority; second, in reference to the subject-matter of the agency; and third, by the agent at the time of the transaction, while the agent was actually engaged in the performance of the act, or so soon thereafter as to be in reality a part of the transaction.

2. EVIDENCE—*Competency of Statements by Agents.*—The statements of an agent, when within the rules laid down, are admissible as against the principal, but not as against third parties.

3. SAME—*Statements of Agents—When Not Admissible.*—Evidence of an agent's statements or admissions is not admissible against his principal for the purpose of establishing, enlarging or renewing his authority.

**Trial of the Rights of Property.**—Error to the Circuit Court of St. Clair County; the Hon. B. H. CANBY, Judge, presiding. Heard in this court at the February term, 1896. Reversed and remanded. Opinion filed September 5, 1896.

WM. WINKELMANN, attorney for plaintiffs in error.

HAMILL & BORDERS, attorneys for defendant in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On January 12, 1895, Eisenmeyer sold and delivered to F. M. Kittrell the property in controversy, and Kittrell placed the same in the possession of George Peebles as his agent.

On the 28th day of the same month, Kittrell sold this and certain other property to plaintiffs in error, as they contend, and they, as the consideration for such property, deeded to Kittrell 200 acres of land situated in Washington county, Missouri. At the same time Kittrell gave plaintiffs in error a bill of sale for the personal property so sold to them and an order on Peebles for the delivery of the property to them.

On February 1st, defendant in error sued out a writ of

attachment against Kittrell, and on February 2d caused the writ to be levied on the property in controversy. Such proceedings were had in this suit as resulted in a judgment in favor of defendant in error against Kittrell for $200 and costs of suit, which judgment was rendered in the Circuit Court on June 28th, on appeal from a justice of the peace. On the same day an execution was issued and levied upon the property attached, and plaintiffs in error thereupon gave notice as required by law for a trial of the right of property. The trial resulted in a verdict and judgment for defendant in error.

Plaintiffs in error claim to be the owners of the property levied upon as purchasers in good faith, and for a valuable consideration. Defendant in error contends that the sale to plaintiffs in error was fraudulent.

Counsel for defendant in error say in their argument of the case: "The jury believed and found as a fact from the evidence that Peebles was in possession of the property as the agent of Kittrell, as Creed testified, and not as the agent of plaintiffs in error, and there being sufficient evidence in the record to sustain the finding, the verdict is conclusive upon that question."

B. Mann, one of plaintiffs in error, testified that before the attachment writ was issued, he went to Peebles, showed him the order from Kittrell, and obtained and took away part of the property; also that Peebles agreed, at the same time, to hold the property in controversy for plaintiffs in error until such time as the property could be removed from his possession.

Neither Kittrell nor Peebles testified on the trial.

When Creed, the officer who served the attachment writ, was on the stand, he was permitted to testify, against the objection of plaintiffs in error, that when he served the writ Peebles said to him that he, Peebles, was then Kittrell's agent.

It is undoubtedly the law that evidence of the agent's statements or admissions is not admissible against his principal for the purpose of establishing, enlarging, or renewing his authority. Mechem on Agency, Sec. 100.

But it is said that the presentation of the order to Peebles was an admission that he was Kittrell's agent, and that what the agent said thereafter on the subject thus became proper evidence. Counsel overlook the fact that the order was presented, as Mann claims and swears, for the very purpose of effecting a transfer of the possession of the property, and so of changing the obligation of the agent from one principal to another. The very question in dispute was whether or not this change had been accomplished. And shall the agent's unsworn statement be admitted to prove that such a change had not taken place? Certainly not.

It was also argued that the evidence was proper as part of the *res gestæ*—as a declaration of the agent made concerning the business of his agency, while acting within the scope of his authority. The law on this question is thus laid down in Sec. 714 of Mechem on Agency: "The statements, representations and admissions of the agent, made in reference to the act which he is authorized to perform and, while engaged in its performance, are binding upon the principal in the same manner and to the same extent as the agent's act or contract under like circumstances, and for the same reason. While keeping within the scope of his authority and engaged in its execution, he is the principal, and his statements, representations and admissions in reference to his act are as much the principal's as the act itself. Such statements, representations and admissions are, therefore, admissible in evidence against the principal in the same manner as if made by the principal himself."

It appears from the same authority that in order to make the statement or admission binding upon the principal, it must have been made, first, in respect to a matter within the scope of the agent's authority; second, it must have been made in reference to the subject-matter of the agency; and third, it must have been made by the agent at the time of the transaction, while the agent was actually engaged in the performance of the act, or so soon thereafter as to be in reality a part of the transaction.

It thus appears that the statements of an agent, when within the rules laid down, are admissible *against his principal*. But it does not appear that such statements are admissible *against third parties*. The statements of Kittrell could not be used by himself or by another against third parties, and the servant is not greater than his lord, or an agent than his principal.

Neither was Peebles' statement admissible as part of the *res gestœ*. He was not engaged in any act in pursuance of his agency at the time, and therefore the statement could not have tended to qualify, characterize, or explain, such an act.

The assertion of Peebles that he was Kittrell's agent, when considered in the light of the evidence, was equivalent to a declaration that the alleged sale was fraudulent, and that the title and possession of the property had not been transferred to plaintiffs in error. The statement, in effect, was merely narrative of a past transaction, and not having been made, *et dum fervet opus*, was not a part of the *res gestœ*. 1 Greenleaf on Evidence, Sec. 113.

The thing being done was the levy of a writ of attachment on certain property. Peebles was doing no act as agent which might be qualified, characterized or explained by words.

This evidence was upon a vital point, and the statement of Peebles, sworn to by Creed, may have sufficed to incline the minds of the jurors to Sodakat's side of the case. The jurors would naturally think that Peebles knew whose agent he was, and attach much weight to his statement, which the court had declared to be competent evidence.

We have found no other substantial error in the record. The opening statement of counsel for defendant in error is subject to criticism, but this, of itself, would hardly require a reversal of the judgment. The court ruled correctly in refusing to admit the appeal bond in evidence, and the charge to the jury was substantially correct.

For the error indicated, the judgment is reversed and the cause is remanded.